# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE C. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-811-SLP |
| ) | |
| MOORE POLICE ) | |
| DEPARTMENT et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, initiated this action for civil rights relief and applied for leave to proceed in forma pauperis (IFP). Docs. 1, 4. United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. For the following reasons, the undersigned recommends the Court dismiss the action without prejudice based on Plaintiff's failure to follow the Court's orders—specifically, his failure to timely pay the required initial filing fee.

**I.    Discussion.**

Upon initiation of this suit, Plaintiff applied to proceed IFP, under 28 U.S.C. § 1915.[1] Doc. 4. The Court granted Plaintiff's application to proceed IFP. Doc. 8.

A prisoner proceeding IFP must pay an initial filing fee of twenty percent of the greater of "the average monthly deposits to the prisoner's account" or "the average monthly balance in the prisoner's account for the [six]-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). Upon granting Plaintiff leave to proceed IFP, the Court ordered Plaintiff to pay an initial filing fee of $145.13, which was twenty percent of the average monthly deposits to his jail account, by October 2, 2024. Doc. 8, at 2. In the order, the Court advised Plaintiff that failure to timely pay could result in the dismissal of his complaint without prejudice. *Id.* To date, Plaintiff has not paid the initial filing fee or otherwise responded to the Court's order.

The Clerk of Court mailed a copy of the order to the address Plaintiff had provided the Court. *Id.* (Staff notes). Under Local Civil Rule 5.4, it is a pro se litigant's responsibility to keep the Court updated of any change of address.

---

[1]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

LCvR5.4. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.* There is no indication the order went undelivered as the Postmaster has not returned it to the Clerk of Court as undeliverable.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Plaintiff appears pro se; nonetheless, he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). The undersigned finds that Plaintiff's inaction and failure to

pay the initial partial filing fee have left the Court without the ability "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution). The undersigned concludes, therefore, that dismissal of this action without prejudice to refiling is warranted under Rule 41(b) and this Court's Local Rules. *See* LCvR3.3(e) ("Failure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment shall be cause for dismissal of the action without prejudice to refiling.").

Accordingly, the undersigned recommends that the Court dismiss this case without prejudice.

## II.  Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that the Court dismiss this case without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 31, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely

objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of October, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE